# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09CV542-RJC-DSC

| | |
|---|---|
| RITA B. COLLINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| ENTERPRISE RENT-A-CAR, ) | |
| and DEAN HENDERSON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss ... " (document #7) and "Memorandum ... in Support ..." (document #8), both filed February 3, 2010. The pro se Plaintiff has not responded to or opposed Defendant's Motion and the time for filing a response has expired.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On December 23, 2009, the pro se Plaintiff, a former employee of Defendant Enterprise Rent-A-Car, filed her Complaint alleging a single claim for retaliation in violation of Title VII of the Civil

Rights Act of 1964, as amended ("Title VII").[1] Specifically, Plaintiff alleges that "[she] engaged in protected activity. The people involved in [her] discharge were knowledgeable of protected activity, [she] was subjected to adverse treatment and ultimately terminated." "Complaint" at 3 (document #2).

Plaintiff alleges that following her termination, she filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). However, she does not allege and the record does not reflect the contents of that charge or whether the EEOC has concluded its investigation and issued her a "Notice of Right to Sue" letter.

On February 3, 2010, Defendants filed their Motion to Dismiss, contending among other things that the Court lacks subject matter jurisdiction over Plaintiff's claim because she has not exhausted her administrative remedies.

The Defendants' Motion is ripe for disposition.

## II. DISCUSSION OF CLAIMS

It is well settled that a Title VII plaintiff is required to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory activity and prior to filing an action in federal court. See 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e)(1), (f); 42 U.S.C.. § 12117(a); Delaware State College v. Ricks, 449 U.S. 250, 255 (1980) (Title VII); Felty v. Graves-Humphreys Co., 785 F.2d 516, 518-19 (4th Cir. 1986) (ADEA); and NAACP Labor Committee of Front Royal

---

[1] Other than naming him as the second Defendant, the Complaint contains no allegations concerning Dean Henderson. The Court surmises that he was one of the individuals "involved in [Plaintiff's ] discharge." Although the absence of subject-matter jurisdiction prevents the Court from reaching the merits of Plaintiff's claims, the undersigned notes that the Fourth Circuit Court of Appeals has unequivocally held that employees, even supervisors, are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations.")

v. Laborers' International Union of North America, 902 F.Supp. 688, 699 (W.D.Va. 1993). "Only those discrimination claims stated in the original Charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

Moreover, in a Title VII case the Fourth Circuit requires that "receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a Plaintiff's Complaint." Davis v. N.C. Dept. of Corr., 48 F.3d 134, 140 (4th Cir. 1995); United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

Plaintiff does not identify which, if either, Defendant was the subject of her charge or what claims were made in her charge. Plaintiff's pleading does not state that she has received a Notice of Right to Sue. Because the failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction, Plaintiff's claim must be dismissed. Davis, 48 F.3d at 140.

## III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendants' Motion to Dismiss" (document #7) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: February 23, 2010

*[signature]*

David S. Cayer
United States Magistrate Judge